Would the clerk call the next case please? Case number 313-0661, people of the state of Illinois and I believe I hear a good evidence. This is Fred Koger, a felon by the name of Michael Hornstein. Good afternoon. May it please the court, counsel. Good morning, your honors. Mike Hornstein, State Appellate Defender for a felon, Fred Koger. On one preliminary point, I'd like to start off with an apology. I should have noted in my reply brief that a fairly similar issue is pending in the Illinois Supreme Court right now in the case of People v. Thompson 118-151. It's not identical, but it's got many similar things. Your honors, this court should remand for this trial judge to resentence Fred Koger to a term of years. Under the Illinois Supreme Court decision of Leon Miller, this court can find a statute unconstitutional as applied in a case where several events come together to make a sentence so unjust that it violates constitutional norms. This is such a case. It's not just that my client was young. It's not just that he never pulled the trigger. And it's not just that Nicholas Tang was the ringleader. It's also that my client specifically tried to stop Tang from killing anyone. This comes not just from his statement, which would be self-serving, but from the state's witnesses. John Mayer Allen testified that before the robbery, Koger and a third defendant agreed to come only if the ringleader agreed not to shoot anyone. And then after the shooting, they testified that my client was upset and criticized the ringleader, Tang, for doing the shooting. In Leon Miller, the Supreme Court found a naturalized sentence unconstitutional because the defendant was accountable, had a minimal role in the offense, and was 15 years old. Here, the factors are somewhat different, but this court should do the same. He was only accountable. He had more of a role than the defendant in Leon Miller, but in counterbalance, he didn't just stand by. He did try to prevent this being more than a robbery, and he is also young. He's not a minor. He is not a minor, that is true. Okay. He is not a minor, but that's where Miller v. Alabama, Roper and Graham come in. Miller cited Roper and Graham as, you know, barred mandatory life terms for minors. You're asking us to make quite a leap here. I would say a different metaphor breaking new ground, but yes. I'm asking you to go beyond what was actually done in Leon Miller. That is true. I mean, so by saying the reasons for what Miller v. Alabama in the case of the Sykes brings to the table, is the reasons that, oh, my client is a minor, the reasons for those cases apply here as well. Roper talks about the qualities that, and I'm quoting, the qualities that distinguish the juveniles from the adults do not disappear when an individual turns 18. Later, Graham noted studies showing that impulse control only matures in the early 20s, and Miller specifically noted the strong influence of peer pressure extends into the 19th year. And Illinois recognizes in many ways that young people aren't fully mature at 18. Until you're 21, you can't drink, you can't enter a casino, and with some exceptions and restrictions, you can't own a gun. Let me make one last point. On the day of the offense, the ringleader, Tang, he was a minor, but he only had 21 days to go until his 18th birthday. He was re-sentenced just last month in Kankakee County,  All things considered, my client is far less culpable, even with the age difference, than Tang, and so we say he should get the same opportunity. So if there are any questions, otherwise we would ask this court to remand to the trial court to re-sentence Fred Koger to a term of years. There was Tang re-sentenced? Last month. Because of Miller? Under Miller v. Alabama, right, because he was under 18, and so he did not have an actual life term. What you're saying is how many days from 19? He was 21 days from 18. From 18? Yes. So we would ask for that relief. What is Thompson about? Thompson is a case where the client is defendant is 19, and the procedural issues are very similar, but he was not accountable, so our office is raising it as a straight Miller v. Alabama argument, saying that Miller v. Alabama should apply to 19-year-olds. So it's not quite the same, but it is somewhat similar. So he was the actual shooter? I know he was not convicted of accountability, so he would have to be the actual shooter, yeah. And they've heard the arguments on it already? No, we filed our opening brief. I don't believe the state has filed their brief yet. But it's before. The PLA was taken, yeah. Okay. So thank you very much. Thank you. Mr. Genetovic? You're busy today. Yeah. Good afternoon, Your Honor. Counsel. I guess the short answer to this is simply the fact that the defendant here is not a juvenile. All the cases that are cited all deal with juveniles. All deal with mandatory life sentencing for those under 18 is unconstitutional. So that point has to be kept in mind, because what the state has argued here basically is race judicata. This issue was raised in direct appeal. It's the same argument, proportionate penalties, same argument that's being raised here. The only difference is the defendant can cite a United States Supreme Court case that wasn't in existence 16 years ago. So basically all of the cases that the defendant cites all deal with mandatory life sentencing or some kind of sentencing with respect to a juvenile. Graham, non-homicide offender, you cannot take a mandatory life sentence without parole, cannot be imposed on a juvenile. Miller v. Alabama, mandatory life sentence for those under 18 by the Eighth Amendment. People v. Leon Miller, mandatory life sentence for a juvenile convicted on the theory of accountability as applied is unconstitutional. And People v. Davis basically held that 581A, which is basically mandatory life for two homicides, is not facially unconstitutional and therefore is not void. Why do I make this point? Because basically the defendant has argued that race judicata doesn't apply because he's arguing that a sentence is void. When is a sentence void? A sentence is only void if it is facially unconstitutional. It can't be constitutionally implied in any set of circumstances. Or if the trial judge doesn't have jurisdiction. Or if the trial judge imposes a sentence that is not authorized by statute. The defendant in his reply brief basically cites some additional cases, claiming that the state basically has faulted him for poor case citation. Well, the fact of the matter is, the three extra cases he cites are all distinguishable. Because in those cases, race judicata doesn't apply because the court lacked jurisdiction. In Harper, for example, the trial judge sends the defendant to a prison term longer than that which the unified court of corrections allowed. You can't do that. The court doesn't have jurisdiction to give somebody 20 years if the statute only says you get 15. In Holstrom, basically the trial court lacked jurisdiction because, in that case, it had to do with social security benefits in a divorce case. Federal law says social security benefits are untouchable. You can't do anything with those. Trial judge basically divided social security. Can't do it. That order violated, the court didn't have jurisdiction, violated the authority. Well, the trial judge's order was void because what he did is he undid past child support. Can't do that. Statute says you cannot do it. Besides that, what happened was, in that case, there was no petition to modify child support. There was no petition before the court to do that. The state had filed some kind of a petition, ancillary, and the court saw that and tried to adjust, and tried to adjust the past child support. The court said, you can't do that. You lack subject matter jurisdiction. In this case, the trial judge basically imposed sentence on a non-juvenile or an adult under the statute that provides two more homicides, you get natural life in prison. That's what he did. He had subject matter jurisdiction. It was personal jurisdiction. He had a statute that has been declared constitutional. It is not void on its face. In certain situations, it was found facially invalid as applied to a juvenile, but that was it. So in this case, basically, because this defendant is 19, he's considered an adult, he was properly sentenced. He raised the issue 16 years ago in his direct appeal, which he lost. Raised judicata principles apply. This court should affirm. Why did he raise judicata if he's making an argument that wasn't available to him back then? The argument was available to him back then. He just didn't have that case. The argument was that he wanted to avoid, and therefore he shouldn't be accountable. Isn't that right, in the first case? I'm sorry, he wanted to what? On direct appeal. It was that he tried to avoid. No, direct appeal is proportionate penalties. Right, and he was saying that because he tried to avoid having the other person shoot by saying, you know, I'm not doing this if you're going to be shooting him. I mean, potentially. This is a different argument with regard to proportionate penalties. He's saying now there's case law out there that says that if you're a juvenile, then you can't be subject to this mandatory natural life penalty. He's saying I'm not a juvenile, but I was close enough to it that I think I can extend it. That's a different argument than he made before. So why is race judicata? Well, with all due respect, I don't think he's making a different argument. He's arguing proportionate penalties. He's arguing the trial judge was deprived of his ability to consider the fact that he tried to talk somebody out of it, that he had all this. Of course, avoiding the fact that he happened to have a shotgun under his coat, avoiding the fact that he happened to pull the shotgun. But aside from that, the fact is he was still 19. He was still considered an adult. It's not a question of whether or not you're close. It's a question of whether you're a juvenile or whether you're an adult. That's all that the law provides. I understand. My question, my argument was going to whether or not the fact that he made one proportional penalties argument in 1997 precludes him from making a different proportional penalties argument in 2015. If I'm not mistaken, if I can find it here in my notes, case law provides that with respect to race judicata under KID, the doctrine extends to questions actually litigated and decided and all grounds of recovery or defenses that might have been raised or presented. Basically, when you have a similar issue, similar argument, similar parties, you have to take and raise all arguments. He made a proportional penalty. The fact that he didn't have Miller before doesn't make any difference. This argument has been made and rejected in other cases. The case with the law with respect to MSR. Defendants argue, well, when I was sentenced, the Illinois Supreme Court case that escapes me right now, that didn't exist. I want to make that argument now based on this. The Illinois Supreme Court rejected that saying, look, the argument was already there. It was a third district case that came out that went up bail now. And what they basically argued is, sorry, not bail now, Gonzalez or Gutierrez, one of the two. I can't remember which one it was. But in that case, the Supreme Court said, you have to make the argument presented. The fact that there's no case law that supports you does not deprive you from making the argument. And the fact that they now have a U.S. Supreme Court case doesn't change anything. It's still a proportionate penalties issue. The fact that the arguments might be different to support that doesn't change the legal issue that was decided. And that's the point. That's why race judicata applies. If we disagree with you on that issue, let me get to the nub of this. Sure. Should we wait for Thompson? Pardon me? Should we wait for Thompson to be decided? I don't know if you're aware. I was not aware of it. No, I was not aware of it either. If Thompson is dealing with a non-juvenile, if that's what it's dealing with and it's dealing with mandatory life sentencing and they're trying to take and do a straight, you're relying on the U.S. Supreme Court case, then I would venture to say that you probably should take away from that because that would be dispositive obviously on whether or not, if you're close, whether or not that same rationale and the same arguments apply. Thank you, Your Honor. Thank you. Mr. Orenstein, rebuttal. Thank you, Your Honor. I would just make one point relating to what counsel said about voidness. Counsel pointed out that for something to be void there needs to be either lack of subject matter jurisdiction, personal jurisdiction, or he said lack of statutory power. But I think it would be more accurate to say lack of power to take the action. And the lack of power can come from a statute or it can come from the Constitution. He did throw a Constitution in too. He just broke it down. I would just point out in Leon Miller it says that the legislature's discretion includes the power to prescribe mandatory sentences. However, the power to impose sentences is not without limitation. The penalty must satisfy constitutional constrictions or constructions. So I would just say if, as we argue, this sentence violates Leon Miller, then the trial court lacked power to impose it. And for those reasons, we would ask for a remand for resentencing. Do you think we should wait for Thompson? I don't think it could hurt. I mean, I don't know if we need dispositive, as counsel said, depending on how they decide and what their reasoning is. But it certainly is something that could inform this Court's decision. I wouldn't see any reason not to. Thank you. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The Court will stand in brief recess for a panel change.